IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

## STATE OF TENNESSEE v. CLARENCE ERIC NORRIS

**Appeal from the Criminal Court for Davidson County**
**No. 2013-B-1642     Cheryl A. Blackburn, Judge**

_____

### No. M2016-02111-CCA-R3-CD

_____

The Defendant, Clarence Eric Norris, appeals the trial court's ordering him to serve the remainder of his eight-year sentence in confinement after finding that he violated the terms of his community corrections sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Nick McGregor, Nashville, Tennessee, for the appellant, Clarence Eric Norris.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On June 14, 2013, the Defendant was indicted on one count of sale of .5 grams or more of cocaine, one count of possession with intent to sell or deliver heroin, one count of possession with intent to sell or deliver .5 grams or more of cocaine, and one count of possession of drug paraphernalia. On September 12, 2014, he pled guilty to one count of possession of .5 grams or more of cocaine with intent to sell in exchange for an eight-year sentence to be served on community corrections. On January 23, 2015, a community corrections violation report was filed against the Defendant. He conceded the violation on February 13, 2015, was reinstated to community corrections, and was

ordered to live with his mother. A second community corrections violation report was filed on April 10, 2015. He conceded the violation and was again reinstated to community corrections after serving twenty-five days. He was also ordered to live with his mother and maintain full-time employment. A third community corrections violation report was filed on August 14, 2015. On December 11, 2015, the trial court sustained the violation, ordered the Defendant to serve "[one] year day for day at CCA [Correction Corporation of America]," and complete the residential drug abuse program. Upon his release, on August 17, 2016, the Defendant was reinstated to community corrections for a period of five years. A fourth community corrections violation report was filed on October 7, 2016, alleging that the Defendant had presented a forged prescription. The trial court conducted a hearing regarding the violation on October 17, 2016.

At the hearing, the Defendant testified that he was released from custody on August 17, 2016, and had been reporting to his community corrections officer and attending required classes. The Defendant admitted that he gave a fake prescription form to his community corrections officer because he had been taking leftover pills from an expired prescription and knew that he would test positive on his drug screen. He elaborated that he was previously prescribed Xanax and oxycodone and had not obtained an updated prescription. The Defendant stated that he knew he should not have submitted a false document and, if the court allowed him to remain on community corrections, he would not take the drugs until he obtained a valid prescription.

On cross-examination, the Defendant admitted that he printed the fraudulent prescription off the internet and that it would have been easier for him to have shown his community corrections officer the bottles from the expired pills and explain that he took pills from an old prescription. The Defendant denied having a drug problem and said that he took the oxycodone, Xanax, and morphine pills for anxiety and chronic back pain. The Defendant acknowledged that he had been given several chances to remain on community corrections.

On questioning by the court, the Defendant admitted that, in addition to falsifying the prescription, he also misrepresented that he had been seeing Dr. Orusa when he had not actually seen the doctor in nineteen months.

After hearing the Defendant's testimony, the trial court revoked the Defendant's community corrections and ordered that he serve the balance of his sentence in confinement. The trial court observed that it had given the Defendant several chances, but he continued to violate the requirements of community corrections. The court noted that the Defendant was not credible and that "[w]e've had too much trouble from him." The court surmised that the Defendant's providing a fraudulent document was much

worse than testing positive for drugs because he actively lied to the community corrections officer.

## ANALYSIS

The Tennessee Community Corrections Act provides, in pertinent part:

> The court shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Id. An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion of the trial court that a violation of community corrections has occurred. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

The Defendant argues that the trial court's imposition of confinement was "unjust." He contends that he "made a mistake" in forging the prescription and presenting it to his community corrections officer. However, this was the fourth time that the Defendant violated the terms of his community corrections sentence, and the trial court gave the Defendant numerous opportunities to abide by its requirements. The court found that the Defendant's actions were far worse than testing positive for the drugs because he actively misrepresented information to his community corrections officer. As noted above, the decision to revoke community corrections supervision and impose a term of incarceration is within the trial court's discretion when a violation has been established. Tenn. Code Ann. § 40-36-106(e)(4); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The Defendant has failed to establish that the trial court abused its discretion in ordering that he serve the remainder of his sentence in confinement.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the Defendant's community corrections sentence and ordering him to serve the remainder of his sentence in confinement.

_____
ALAN E. GLENN, JUDGE